USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/2/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                                        :

SHERON WALTERS,                          :
                                        :

                        Plaintiff,     :               1:21-cv-2880-GHW
                                        :

                  -v -                    :                 <u>ORDER</u>
                                        :

CITY OF NEW YORK,                    :
                                        :

                        Defendant.    :
                                        :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff Sheron Walters, proceeding *pro se* and *in forma pauperis*, initiated this action on April 5, 2021.  Dkt. No. 2.  Mr. Walters' complaint raises causes of action under 42 U.S.C. § 1983.  Mr. Walters alleges that he contracted COVID-19 during his detention at Rikers Island when he was placed with in a dorm with other detainees.  For the reasons stated below, this action is DISMISSED for failure to prosecute.

## I.      BACKGROUND

On August 8, 2022, the Court scheduled a conference for August 19, 2022.  Dkt. No. 45.  Mr. Walters failed to appear at that conference.  *See* Dkt. No. 46.  The Court rescheduled the August 19, 2022 conference for August 26, 2022, specifically ordered Mr. Walters to comply with the Court's orders and to appear at the conference, and reminded Mr. Walters that "[c]ontinued failure to comply with the Court's orders may result in dismissal of this case under Federal Rule of Civil Procedure 41(b)."  *Id.*  Mr. Walters again failed to appear at the August 26, 2022 conference.  *See* Dkt. No. 48.  The Court rescheduled the August 26, 2022 conference for September 2, 2022, ordered Mr. Walters to appear, and reminded him again that "[c]ontinued failure to comply with the Court's orders may result in dismissal of this case under Federal Rule of Civil Procedure 41(b)."  *Id.*  On September 2, 2022, for the third straight time, Mr. Walters failed to appear at the conference.

Nor is this the first time Mr. Walters failed to appear for a series of conferences.  Mr. Walters also

failed to appear for conferences held on March 21, 2022, April 18, 2022, and May 3, 2022.  *See* Dkt.

Nos. 31, 34, 36.

## II.    LEGAL STANDARD

### a.    Rule 41(b)

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to

comply with these rules or a court order, a defendant may move to dismiss the action or any claim

against it."  "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a

defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district

court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec.*

*Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630

(1962)).

Although appellate courts apply a number of factors in reviewing a district court's decision

to dismiss an action for failure to prosecute, "a district court is not required to discuss each of the

factors on the record."  *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*,

No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not

discuss each factor, though the reasoning underlying their decisions should be apparent."); *Mahadi v.*

*Johnson Controls, Inc.*, No. 02-cv-1256 (ILG), 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A

court need not discuss" the relevant factors, "but the record will benefit from the reasoning of the

Court.").

### b.    Rule 16(f)

Fed. R. Civ. P. 16(f) provides, in relevant part, that "[o]n motion or on its own, the court

may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its

attorney . . . fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).  "[A]ll

litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990) (citation omitted).  The Rule 37 sanctions incorporated into Rule 16 include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Rule 16(f) incorporates the same standards developed under Rule 37(b)(2)." *Vajic v. API Restaurant Corp.*, No. 12-cv-757 (RWS), 2014 WL 4384148, at *2 (S.D.N.Y. Sept. 4, 2014).

The Second Circuit has identified several factors that "may be useful in evaluating a district court's exercise of discretion" to dismiss an action under Rule 37: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (citation omitted).

The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994).

### III.   DISCUSSION

The Court finds that dismissal of Mr. Walters' complaint without prejudice pursuant to Rule 41(b) is warranted due to his failure to take meaningful steps to prosecute this action.  Mr. Walters' apparent disinterest in proceeding with her case is apparent from his multiple missed appearances. Mr. Walters has stopped showing up to conferences.  He has missed the last three conferences and has not responded to any of the Court's recent orders.  Over the last year, he has missed a total of six status conferences.  Therefore, the Court finds that dismissal under Rule 41(b) is warranted and that Mr. Walters has received more than sufficient warning that his failure to actively litigate this case is grounds for dismissal.

The Court also finds that dismissal without prejudice pursuant to Fed. R. Civ. P. 16(f) is

warranted.   As the procedural history recounted above makes clear, Mr. Walters has failed to comply with at least six scheduling orders.  The Court has issued repeated warnings that failure to comply with the Court's orders could result in dismissal and has given Mr. Walters multiple chances to comply.

The Court has considered whether a lesser sanction is appropriate and concludes—in light of Mr. Walters' demonstrated disinterest in prosecuting this case and the time he has wasted of both the defendants and the Court—that it is not.  *See Miller v. City of New York*, No. 12-cv-2965, 2012 WL 5879471 (E.D.N.Y. Nov. 20, 2012) (dismissing *pro se* complaint for plaintiff's repeated failure to appear for in-court conferences)

## IV.   CONCLUSION

Mr. Walters' complaint is dismissed without prejudice for failure to prosecute and for failure to comply with numerous orders of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: September 2, 2022
       New York, New York

_____
GREGORY H. WOODS
United States District Judge

4