```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
SHERON WALTERS,                                                   :
                                                                  :
                                      Plaintiff,                  :      1:21-cv-2880-GHW
                                                                  :
                    -v -                                          :      ORDER
                                                                  :
CITY OF NEW YORK,                                                 :
                                                                  :
                                      Defendant.                  :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/2023

GREGORY H. WOODS, United States District Judge:

On September 2, 2022, this case was dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and failure to comply with numerous Court orders. Dkt. No. 50. By letter dated December 16, 2022, Plaintiff Sheron Walters has asked the Court to reopen his case. Dkt. No. 52. For the reasons that follow, Mr. Walters' request is denied.

The Court construes Mr. Walters' letter as a motion under Federal Rule of Civil Procedure 60(b)(1), which permits a court, "[o]n motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Specifically, the Court views Mr. Walters' letter—which describes reasons he failed to attend multiple conferences or notify the Court or his adversary about his inability to attend—as arguments made that his "neglect" in failing to attend the conferences was "excusable." *See* Dkt. No. 52, *see also, e.g.*, *Falherty v. Hackeling*, 221 F.R.D. 383, 385–86 (E.D.N.Y. 2004) (considering a motion filed by a *pro se* party who failed to attend conferences under Rule 60(b)(1)).

"Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010). As a *pro se* litigant, the Court must liberally construe Mr. Walters' submissions

and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). But a party proceeding under Rule 60(b), "whether proceeding *pro se* or not, 'must present highly convincing evidence, show good cause for the failure to act sooner, and show that no undue hardship [would] be imposed on other parties.'" *Thompson v. Booth*, No. 16-cv-3477, 2022 WL 1501041, at *2 (S.D.N.Y. May 12, 2022) (quoting *Axar Master Fund, Ltd. v. Bedford*, 805 F. App'x 35, 40 (2d Cir. 2020)).

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), "the Supreme Court referred to 'excusable neglect' as an 'elastic concept'" and noted that the determination "is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer*, 507 U.S. at 392, 395). "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395) (alterations in original).

"But despite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, [the Second Circuit] and other circuits have focused on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). The Circuit has "noted that the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule' and held that where 'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.'" *Id.* at 366–67 (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997)).

2

Applying those rules, the Court will deny Mr. Walters' motion.  Mr. Walters' case was dismissed after he failed to appear at two conferences scheduled on August 19, 2022 and August 26, 2022.  *See* Dkt. Nos. 46, 48.[1]  He indicates that, since the last time he attended a scheduled conference on May 9, 2022, he has been in and out of the hospital for treatment of several diseases, and has had trouble finding housing due to unstable living conditions.  *See* Dkt. No. 52 at 2.  The Court, to be clear, is very sympathetic to Mr. Walters' circumstances.  Nor does it believe that he has acted out of bad faith at any point in this proceeding.

Nonetheless, the Court cannot conclude that the ability to either attend the scheduled conferences or notify the Court that he would be unable to attend was not "within the reasonable control of the movant."  *Silivanch*, 333 F.3d at 366; *see Flaherty*, 221 F.R.D. at 386 (noting that, at the least, the plaintiff could have "notified the Court or his adversaries" of conditions that allegedly made appearance in court impossible).[2]  Despite the Court's sympathy for Mr. Walters' circumstances since last May, this is a case in which a party has "fail[ed] to follow the clear dictates of a court rule" requiring attendance of the Court's conferences.  *Silivanch*, 333 F.3d at 366.  That being so, the equities do not favor Mr. Walters, and his case will remain dismissed.  *See id.* at 366–67.

The Court reminds Mr. Walters that, as the dismissal is without prejudice, it does not bar him from refiling any timely claims in compliance with court rules and orders.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Mr. Walters had also failed to appear at two conferences earlier in this case.  *See* Dkt. Nos. 31, 36.
[2] In his letter, Mr. Walters does not say that he failed to attend the August 19, 2022 or August 26, 2022 conferences because he did not receive notice of them.  *See generally* Dkt. No. 52.  But even if that were the case, at the May 9, 2022 conference that Mr. Walters attended after missing two prior conferences, the Court reminded Mr. Walters at length about his obligation to update his address to receive communications from the Court.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: January 12, 2023
      New York, New York

_____
GREGORY H. WOODS
United States District Judge